KING, P. J,
for the Court:
¶ 1. Robert Zimmerman (Zimmerman) filed his petition to controvert on November 10, 1995 against Howard Transportation, Inc. (Howard). An administrative hearing was held May 20, 1998. The administrative law judge concluded that Zimmerman failed to prove that he suffered an injury arising out of and in the course of his employment with Howard, and also failed to prove a loss of wage earning capacity. Aggrieved with the decision of the administrative law judge, Zimmerman filed a petition for review before the full Workers’ Compensation Commission.
¶2. Howard, while in agreement with the decision to deny benefits, also filed a petition for a Full Commission hearing. Howard requested the Commission to enter sanctions and penalties against Zimmerman as provided by Miss.Code Ann. § 71-3-59. Howard also objected to the admission of evidence of additional medical records after the conclusion of the administrative hearing.
¶ 3. On January 13, 1999, the Commission affirmed the order of the administrative law judge denying benefits and noted that Howard’s claim for sanctions should be addressed by the Insurance Integrity Enforcement Bureau rather than by the Commission and recommended that Howard pursue that avenue. Zimmerman and Howard then filed appeals with the Jones County Circuit Court. On October 5, 1999, the circuit court affirmed the decision of the Commission and denied Howard’s request for sanctions. Zimmerman aggrieved with the decision of the circuit court filed this appeal. Howard also aggrieved with the decision of the circuit court filed a cross-appeal.
FACTS
¶ 4. On January 5, 1995, Zimmerman was employed by Howard as a truck driver. At the time of the alleged injury, he had been employed with Howard for one week. According to Zimmerman, on the evening of January 5, 1995 he was enroute from Gary, Indiana to Oklahoma. The weather was raining, freezing and snow7 ing. He pulled into a truck stop near Joplin for the night. While checking the tarp and chains on his truck, he slipped on the ice. He caught the side of the trailer to avoid falling to the ground. As he did so, Zimmerman felt a snap in his back and immediately began experiencing pain in his lower back. He contacted Howard and reported the injury. Some four to five days later, he returned to Meridian. Upon return, he reported to the terminal manager who referred him to Dr. Galaher.
¶ 5. Dr. Galaher examined Zimmerman on January 12, 1995, and diagnosed a possible herniated disk. Zimmerman was placed on medical leave for two weeks. Zimmerman continued to experience pain and on his own initiative sought treatment' at the Veterans’ Administration Hospital in Jackson on January 17, 1995. On January 31,1995, an MRI was performed which revealed a bulging lumbar disc. Howard then referred Zimmerman to Dr. Lon Alexander on February 27, 1995. Dr. Alexander concluded that Zimmerman’s complaints did not correlate to his medical findings. Dr. Alexander referred Zimmerman to Dr. Winkelmann for further review. Dr. Winkelmann evaluated Zimmerman in July 18, 1995 and recommended physical therapy. Zimmerman was seen in follow up in August 1995 with no improvement noted. On September 7, 1995, Dr. Winkelmann was shown a May 1995 video surveillance tape of Zimmerman driving, entering and exiting a pick up truck and loading and unloading groceries. After review of this tape, Dr. Winkelmann released Zimmerman to full duty and Howard discontinued disability payments.
*699 ¶ 6. Zimmerman sought no further medical treatment until May 1997 at which time he was examined by Dr. Donald Cook. Zimmerman provided Dr. Cook limited medical records from his previous medical providers. Based on the information provided Dr. Cook diagnosed Zimmerman as having a herniated disc and an eleven percent permanent medical impairment to the body as a whole. Zimmerman did not see Dr. Cook again nor seek additional medical treatment until February 1998. At that time, he visited Dr. Miller, a chiropractor, who suggested that he see .a neurologist or neurosurgeon. Zimmerman returned to Dr. Galaher in March 1998. Dr. Galaher was not informed of any intervening medical treatment received since his last exami-, nation of Zimmerman. Dr. Galaher too referred Zimmerman to a neurologist or neurosurgeon. After the administrative hearing on his claim, Zimmerman returned to the VA where surgery was performed in June 1998.
¶7. Zimmerman was paid $8,858 from January 12, 1995 through September 6, 1995 for partial temporary disability payments by Howard. However, unbeknownst to Howard, Zimmerman had continued to work during the period he received disability payments. Zimmerman worked for Washington County Alabama as a truck driver for a road crew from April 7, 1995 through April 28, 1995. In September 1995, Zimmerman began working with Roadway Express as a truck driver. He earned $42,000 in 1996, $39, 000 in 1997 and had earned $14,000 as of April 1998.
STANDARD OF REVIEW
¶ 8. The standard of review used by this Court when considering an appeal of a Workers’ Compensation Commission decision is well settled. “[The] scope of review is limited to a determination of whether or not the decision of the commission is supported by the substantial evidence. If so, the decision of the commission should be upheld.” Pilate v. International Plastics Corp. 727 So.2d 771 (¶ 12) (Miss.Ct.App. 1999).
ANALYSIS AND DISCUSSION OF THE LAW
¶ 9. While several issues have been raised, this Court finds that the issue of substantial evidence is dispositive of Zimmerman’s appeal.
¶ 10. After thorough review of the record and consideration of the applicable law and argument of the parties, the Commission agreed with the findings contained in the order of the administrative judge. The administrative law judge found (1) there was no corroborating witnesses to the alleged accident, (2) there was no reliable medical testimony from a treating physician that indicated Zimmerman suffered a work-related injury, (3) the testimony . offered by Zimmerman was questionable, in that he gave varying accounts of the accident as well as the location and degree of pain he suffered, (4) while he claimed to be in constant pain, Zimmerman sought no medical treatment of any kind between November 1995 and May 1997, (5) in his discovery responses and deposition, he withheld information concerning his prior injuries, (6) Zimmerman worked as a truck driver in the State of Alabama and with Rodeway Express during the time period for which he claimed disability, and (7) Zimmerman failed to prove any loss of wage earning capacity. Zimmerman’s salary at Rodeway Express was much greater than his previous salary at Howard. The Commission’s decision is supported by substantial evidence and accordingly affirmed.
CROSS-APPEAL
¶ 11. Howard argues that as a result of Zimmerman’s fraud they are entitled to *700 sanctions and have cross-appealed seeking compensation. After review, the Commission determined that a claim regarding worker’s compensation fraud would be more appropriately addressed to the Insurance Integrity Enforcement Bureau. The Commission recommended that Howard provide the Bureau with the appropriate information regarding the possible fraud and allow the Bureau to make the necessary investigation and determine appropriate penalties, if any. The circuit court affirmed the Commission’s findings and denied sanctions. Finding no abuse of discretion, this Court affirms the decision of the circuit court.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY AFFIRMING THE DENIAL OF BENEFITS IS AFFIRMED. THE JUDGEMENT OF THE CIRCUIT COURT OF JONES COUNTY DENYING HOWARD’S CROSS-APPEAL FOR SANCTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE PARTIES.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ„ CONCUR. •